Michael L. LaClare, Esq. (ISB #7924)
Associate General Counsel
Melaleuca, Inc.
3910 S. Yellowstone Hwy.
Idaho Falls, ID 83402
Telephone: (208) 522-0700
Fax: (208) 534-2063

**U.S. COURTS**

**MAR 1 2 2009**

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

Attorney for Frank L. VanderSloot and McKay Christensen

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re FRANK L. VANDERSLOOT'S and MCKAY CHRISTENSEN'S Joint Motion to Quash HERBALIFE INTERNATIONAL OF AMERICA, INC.'s Deposition Subpoenas | Case Number · m s 09-6613<br><br>With reference to:<br>  Case Number: 07-CV-02529-GAF<br>  United States District Court,<br>  Central District of California<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTIES FRANK L. VANDERSLOOT AND MCKAY CHRISTENSEN** |

The deposition subpoenas delivered to Frank L. VanderSloot and McKay Christensen at

the direction of plaintiff Herbalife International of America, Inc. ("Herbalife") on March 6, 2009

("Subpoenas") must be quashed under Federal Rule of Civil Procedure 45 for three reasons.

First, the Subpoenas are invalid because they were not served simultaneously with a tendering of

witness fees and mileage allowances. Second, complying with the Subpoenas would subject

Messrs. VanderSloot and Christensen (the "Movants") to an undue burden. Third, the

Subpoenas fail to allow reasonable time for compliance.

Page 1 -- MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT
MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTIES FRANK L.
VANDERSLOOT AND MCKAY CHRISTENSEN

## STATEMENT OF FACTS

Frank L. VanderSloot and McKay Christensen are, respectively, the Chief Executive Officer and President of Melaleuca, Inc. ("Melaleuca"). Melaleuca is a consumer direct marketing company based in Idaho Falls, Idaho. Herbalife is a multi-level marketing company that competes with Melaleuca both in the products it produces and for independent representatives who market those products to the public.

Herbalife is also the plaintiff and counter-defendant in litigation that is pending in the United States District Court for the Central District of California under Case Number 07-CV-02529-GAF ("Litigation"). The defendants and counter-claimants in that Litigation are eight individuals – Robert and Julia Ford, Bruce and Nancy Roth, Jeff and Kathy Orr, Dianna Thompson, and Jason Fisher (the "Defendants"). The Defendants are former Herbalife distributors who are now affiliated with Melaleuca as independent Marketing Executives. The Movants are not parties to the Litigation, and neither is Melaleuca.

On Friday March 6, 2009, Herbalife served the Movants with Subpoenas requiring their attendance at depositions scheduled to take place on March 13, 2009, which is the discovery cut-off date in the underlying Litigation. *See* Exhibit A to Affidavit of Michael LaClare ("LaClare Aff."). The Subpoenas were issued by the United States District Court for the District of Idaho. *See Id.* The next business day, Monday March 9, 2009, undersigned counsel provided Herbalife with a copy of Movants' objections to the Subpoenas. *See* Exhibit B to LaClare Aff.

After providing Herbalife with the Movants' objections, undersigned counsel communicated with counsel for Herbalife in an effort to reach an agreement regarding the Subpoenas. In particular, without waiving their objections to the Subpoenas' various

Page 2 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTIES FRANK L. VANDERSLOOT AND MCKAY CHRISTENSEN

deficiencies, Movants offered to give depositions in this matter subject to certain conditions, including the condition that Herbalife agree in writing to vacate the current deposition schedule for Movants. *See* Exhibit C to LaClare Aff. Through its counsel, Herbalife indicated (1) that absent an agreement on Movants' depositions or a motion to quash, it would insist on going forward with the depositions on March 13 and, subsequently, (2) that there was no possibility of coming to an agreement that included Herbalife's acceptance of the conditions proposed by the Movants. *See* Exhibits D & E to LaClare Aff.; LaClare Aff. ¶ 6. In short, the undersigned counsel for the Movants made reasonable efforts to reach agreement with counsel for Herbalife regarding the Subpoenas, but no agreement could be reached.

ARGUMENT

I.  **Failure to Tender Witness Fees and Mileage Allowances Simultaneously With Service of Subpoenas**

Herbalife's Subpoeanas must be quashed because they were not served simultaneously with a tendering of witness fees and mileage allowances as is required by Federal Rule of Civil Procedure 45. *See* Fed. R. Civ. P. 45 (b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.").

The Ninth Circuit has made it clear that the tendering of witness fees and mileage allowances must be *simultaneous* with the service of a subpoena in order for that service to be valid – and that, otherwise, the subpoena must be quashed. *See CF & I Steel Corp. v. Mitsui & Co. (USA), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983) ("we hold the plain meaning of Rule 45(c) requires *simultaneous* tendering of witness fees and the reasonably estimated mileage allowed by

law with service of a subpoena") (emphasis added).[1]  Once a subpoena requiring attendance has

been delivered without the tendering of witness fees and a mileage allowance, the subsequent

tendering of those funds cannot cure the invalid service, and the subpoena still must be quashed.

The *CF & I* court left no room for doubt on this point when it affirmed a district court order

quashing a subpoena notwithstanding the fact that funds not tendered at the time of service were

tendered before a motion to quash was filed. *See Id.* at 495.

Here, no witness fees or mileage allowances were tendered at the time the Subpoenas

were delivered to the Movants. *See* Affidavit of Frank L. VanderSloot ("VanderSloot Aff.") ¶ 2;

Affidavit of McKay Christensen ("Christensen Aff.") ¶ 2.  Therefore, the Subpoenas must be

quashed.

## II.     Undue Burden

Herbalife's Subpoenas must be quashed also because complying with them would subject

the Movants to an undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv)  ("On timely motion, the

issuing court must quash or modify a subpoena that … subjects a person to undue burden").

Requiring the Movants to make the adjustments in their schedules that would be

necessary for them to arrange to appear for depositions on March 13, 2009, with less than seven

days notice, would create a hardship for them. *See* VanderSloot Aff. ¶¶ 3-4; Christensen Aff. ¶¶

3-4.  This hardship is not warranted, particularly in light of two factors.  First, the Movants are

not likely to be able to provide any significant information that is relevant to the claims and

---

[1]      Although Rule 45 has been revised since the *CF & I* holding, the relevant language –
which was moved from subsection (c) to subsection (b)(1) – remained substantively the same.
*See CF & I*, 713 F.2d at 496 (*"Fed. R. Civ. P. 45(c)* provides, in relevant part: 'Service of a
subpoena upon a person named therein shall be made by delivering a copy thereof to such person
and by tendering to him the fees for one day's attendance and the mileage allowed by law.'").

defenses at issue in the Litigation. *See* VanderSloot Aff. ¶ 5; Christensen Aff. ¶ 5; *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("Weighing the burden to nonparty KSA against *the value of the information to plaintiffs*, the Court finds the subpoena imposes an 'undue burden' on nonparty KSA.") (emphasis added).[2] Second, the Movants' status as non-parties to the Litigation means that less of a burden can lawfully be placed on them than could be placed on a party. *See Exxon Shipping Co. v. U. S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) ("The Federal Rules ... afford nonparties special protection against the time and expense of complying with subpoenas.").[3]

It is noteworthy that the Movants made a proposal that their depositions be postponed to a less burdensome time and that they be taken in a less burdensome fashion by using written questions under Federal Rule of Civil Procedure 31 (with certain conditions), but Herbalife rejected that proposal. *See* Exhibits C, D & E to LaClare Aff; LaClare Aff. ¶ 6.

In light of the facts and law noted above, this Court should quash the Subpoenas in order to prevent them from subjecting the Movants to an undue burden.

---

[2]     The *Moon* court also pointed out that "[a]n evaluation of undue burden ... requires the court to consider: such factors as relevance." *See Moon*, 232 F.R.D. at 637 (granting a motion to quash) (citations omitted). *See also Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) ("Given the San Francisco federal district court's justified finding that the subpoena was overly burdensome and served for an improper purpose, the court did not abuse its discretion in awarding fees and expenses to the SFMOMA's counsel as a sanction under *Rule 45(c)*.").

[3]     *See also Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, ... the 'necessary' restriction may be broader when a nonparty is the target of discovery. As one district court has noted, '(t)here appear to be quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.").

Page 5 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTIES FRANK L. VANDERSLOOT AND MCKAY CHRISTENSEN

**III.   Failure to Allow Reasonable Time for Compliance**

Herbalife's Subpoenas must be quashed also because they do not allow reasonable time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i) ("On timely motion, the issuing court must quash or modify a subpoena that: ... fails to allow a reasonable time to comply"). Herbalife's delivery of the Subpoenas to the Movants just 7 days before the day specified for their depositions left the Movants with insufficient time to make adjustments to their schedules in order to be available for the depositions. *See* VanderSloot Aff. ¶¶ 3-4; Christensen Aff. ¶¶ 3-4.

## CONCLUSION

For the reasons set forth above, the Movants respectfully request that this Court quash Herbalife's Subpoenas.

DATED this 12th day of March, 2009.

Michael LaClare, ISB No. 7924
Attorney for Frank L. VanderSloot and McKay Christensen

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2009, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTIES FRANK L. VANDERSLOOT AND MCKAY CHRISTENSEN,** as well as the affidavits and exhibits referenced therein, with the clerk of the Court using the CM/ECF system, and that I caused a true and correct copy of the same to be served upon the following person in the manner(s) indicated below.

Alexander J. Shvartsman, Esq.
Morrison & Foerster
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
Fax no. (213) 892-5454
E-mail: ashvartsman@mofo.com

[  ] Electronic Case Filing system
[  ] Hand Delivery
[  ] Overnight Courier
[X] E-mail
[X] Fax

Michael LaClare, ISB No. 7924
Attorney for Frank L. VanderSloot and McKay Christensen