

**Melaleuca**
The Wellness Company

3910 South Yellowstone Hwy. • Idaho Falls, Idaho 83402-6003
Legal Department • 208 522-0700 • Fax 208 534-2063

March 9, 2009

*Via e-mail, fax, and overnight courier*

Alexander J. Shvartsman, Esq.
Morrison & Foerster
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013
E-mail: ashvartsman@mofo.com
Fax no. (213) 892-5454

    Re:    *Herbalife v. Ford et al.*, CV-07-2529-GAF

Dear Mr. Shvartsman:

Please find enclosed, respectively, Frank L. VanderSloot's and McKay Christensen's objections to the subpoenas delivered to Mr. VanderSloot and Mr. Christensen on March 6, 2009 in connection with the above-captioned matter.

Sincerely,

*Michael LaClare*

Michael LaClare

Enclosures

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation<br><br>Plaintiff,<br><br>v.<br><br>ROBERT E. FORD and JULIA A. FORD, husband and wife, et al.<br><br>Defendants. | Case Number: 07-CV-02529-GAF<br>United States District Court,<br>Central District of California<br><br>**OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY FRANK L. VANDERSLOOT** |

Frank L. VanderSloot, a non-party to the above-captioned litigation ("Litigation"), by and through his undersigned counsel, hereby objects to the subpoena delivered to him at the direction of plaintiff Herbalife International of America, Inc. ("Herbalife") on March 6, 2009 ("Subpoena"). Mr. VanderSloot objects to the Subpoena as follows:

1.   Mr. VanderSloot objects to the Subpoena on the grounds that it does not allow reasonable time for compliance. First, before Mr. VanderSloot received the Subpoena, he was (and still is) scheduled to be out of town on March 13, 2009, the day specified in the Subpoena for his deposition. Counsel for Herbalife had the Subpoena delivered to Mr. VanderSloot without any prior communication to him or his office inquiring as to his availability. Second, Mr. VanderSloot received the Subpoena on the afternoon of March 6, 2009, less than one week before the time specified for his deposition. Mr. VanderSloot is the CEO of Melaleuca, Inc., and the roughly four business days between the time the Subpoena was delivered to him and the time specified for his deposition do not provide reasonable notice given the significant demands on his time. It appears that the plaintiff Herbalife decided at the last minute to schedule the

1 -OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY FRANK L. VANDERSLOOT

deposition of Mr. VanderSloot on the very day of the March 13 discovery cutoff established for the Litigation by the United States District Court for the Central District of California. With that in mind, it is noteworthy that Central District of California Magistrate Judge Fernando M. Olguin, in a March 6 ruling on discovery matters, wrote that "it appears that plaintiff's inability to schedule ... depositions was due to its own lack of diligence." Here also, it appears that Herbalife's own lack of diligence has caused its failure to allow reasonable time for compliance with any deposition subpoena that could be directed to Mr. VanderSloot.

2. Mr. VanderSloot objects to the Subpoena on the grounds that complying with it would subject him to an undue burden. As the CEO of Melaleuca, Mr. VanderSloot has many significant demands on his time. As a non-party to the Litigation, he also is unlikely to have any information relevant to the Litigation that is not in the possession of the defendants to the Litigation or others. As such, there is no legitimate need for Herbalife to take his deposition that could come close to warranting the significant burden on Mr. VanderSloot that would result.

3. Mr. VanderSloot objects to the Subpoena to the extent that it is intended to harass him and/or Melaleuca.

4. Mr. VanderSloot objects to the Subpoena as invalid on the grounds that it was not served on Mr. VanderSloot in the manner required by Federal Rule of Civil Procedure 45. For example, at the time the Subpoena was delivered to Mr. VanderSloot, no fees for one day's attendance were tendered to him.

5. Mr. VanderSloot objects to the Subpoena to the extent that it seeks the disclosure of Melaleuca's trade secrets or other confidential information.

6. Mr. VanderSloot objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or other legal standards providing exemptions from disclosure.

7. Mr. VanderSloot objects to the Subpoena to the extent that it seeks discovery that is overly broad and/or oppressive.

8. Mr. VanderSloot objects to the Subpoena to the extent that it seeks information that is not relevant to the issues at stake in the Litigation.

9. Mr. VanderSloot objects to the Subpoena to the extent that it seeks information that is not in his possession, custody, or control.

10. Mr. VanderSloot objects to the Subpoena to the extent that it is vague and/or ambiguous.

11. Mr. VanderSloot objects to the Subpoena to the extent that it does not comply with the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Courts for the District of Idaho and/or the Central District of California (including by seeking information that is beyond the scope of discovery permitted under these rules).

DATED this 9th day of March, 2009.

_Michael LaClare_
Michael L. LaClare, Esq.

3 -OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY FRANK L. VANDERSLOOT

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho, and that on the 9th day of March, 2009, I caused a true and correct copy of the foregoing **OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY FRANK L. VANDERSLOOT** to be served upon the following person in the manner(s) indicated below.

| | |
|---|---|
| Alexander J. Shvartsman, Esq.<br>Morrison & Foerster<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013<br>Fax no. (213) 892-5454<br>E-mail: ashvartsman@mofo.com | [ ] Hand Delivery<br>[X] Overnight Delivery<br>[X] E-mail<br>[X] Fax |

*Michael LaClare*
Michael L. LaClare

4 - OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY FRANK L. VANDERSLOOT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation<br><br>Plaintiff,<br><br>v.<br><br>ROBERT E. FORD and JULIA A. FORD, husband and wife, et al.<br><br>Defendants. | Case Number: 07-CV-02529-GAF<br>United States District Court,<br>Central District of California<br><br>**OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY MCKAY CHRISTENSEN** |

McKay Christensen, a non-party to the above-captioned litigation ("Litigation"), by and through his undersigned counsel, hereby objects to the subpoena delivered to him at the direction of plaintiff Herbalife International of America, Inc. ("Herbalife") on March 6, 2009 ("Subpoena"). Mr. Christensen objects to the Subpoena as follows:

1. Mr. Christensen objects to the Subpoena on the grounds that it does not allow reasonable time for compliance. Mr. Christensen received the Subpoena on the afternoon of March 6, 2009, less than one week before the time specified in the Subpoena for his deposition. Mr. Christensen is the President of Melaleuca, Inc., and the period of less than five business days between the time the Subpoena was delivered to him and the time specified for his deposition does not provide reasonable notice given the significant demands on his time. Counsel for Herbalife had the Subpoena delivered to Mr. Christensen without any prior communication to him or his office inquiring as to his availability. It appears that the plaintiff Herbalife decided at the last minute to schedule the deposition of Mr. Christensen on the very day of the March 13 discovery cutoff established for the Litigation by the United States District Court for the Central

1 - OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY MCKAY CHRISTENSEN

District of California. With that in mind, it is noteworthy that Central District of California Magistrate Judge Fernando M. Olguin, in a March 6 ruling on discovery matters, wrote that "it appears that plaintiff's inability to schedule ... depositions was due to its own lack of diligence." Here also, it appears that Herbalife's own lack of diligence has caused its failure to allow reasonable time for compliance with any deposition subpoena that could be directed to Mr. Christensen.

2. Mr. Christensen objects to the Subpoena on the grounds that complying with it would subject him to an undue burden. As the President of Melaleuca, Mr. Christensen has many significant demands on his time. As a non-party to the Litigation, he also is unlikely to have any information relevant to the Litigation that is not in the possession of the defendants to the Litigation or others. As such, there is no legitimate need for Herbalife to take his deposition that could come close to warranting the significant burden on Mr. Christensen that would result.

3. Mr. Christensen objects to the Subpoena to the extent that it is intended to harass him and/or Melaleuca.

4. Mr. Christensen objects to the Subpoena as invalid on the grounds that it was not served on Mr. Christensen in the manner required by Federal Rule of Civil Procedure 45. For example, at the time the Subpoena was delivered to Mr. Christensen, no fees for one day's attendance were tendered to him.

5. Mr. Christensen objects to the Subpoena to the extent that it seeks the disclosure of Melaleuca's trade secrets or other confidential information.

6. Mr. Christensen objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or other legal standards providing exemptions from disclosure.

2 - OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY MCKAY CHRISTENSEN

7. Mr. Christensen objects to the Subpoena to the extent that it seeks discovery that is overly broad and/or oppressive.

8. Mr. Christensen objects to the Subpoena to the extent that it seeks information that is not relevant to the issues at stake in the Litigation.

9. Mr. Christensen objects to the Subpoena to the extent that it seeks information that is not in his possession, custody, or control.

10. Mr. Christensen objects to the Subpoena to the extent that it is vague and/or ambiguous.

11. Mr. Christensen objects to the Subpoena to the extent that it does not comply with the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Courts for the District of Idaho and/or the Central District of California (including by seeking information that is beyond the scope of discovery permitted under these rules).

DATED this 9th day of March, 2009.

_____
Michael L. LaClare, Esq.

3 - OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY MCKAY CHRISTENSEN

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho, and that on the 9th day of March, 2009, I caused a true and correct copy of the foregoing **OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY MCKAY CHRISTENSEN** to be served upon the following person in the manner(s) indicated below.

| | |
|---|---|
| Alexander J. Shvartsman, Esq.<br>Morrison & Foerster<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013<br>Fax no. (213) 892-5454<br>E-mail: ashvartsman@mofo.com | [ ] Hand Delivery<br>[X] Overnight Delivery<br>[X] E-mail<br>[X] Fax |

_/s/ Michael LaClare_
Michael L. LaClare

4 - OBJECTIONS TO SUBPOENA ISSUED TO NON-PARTY MCKAY CHRISTENSEN