Michael L. LaClare, Esq. (ISB #7924)
Associate General Counsel
Melaleuca, Inc.
3910 S. Yellowstone Hwy.
Idaho Falls, ID  83402
Telephone: (208) 522-0700
Fax: (208) 534-2063

Attorney for Frank L. VanderSloot and McKay Christensen

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK L. VANDERSLOOT and MCKAY CHRISTENSEN, | Case Number : 1:09-mc-06613-EJL-REB |
| Plaintiffs, | |
| vs. | **REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED TO FRANK L. VANDERSLOOT AND MCKAY CHRISTENSEN AND FOR PROTECTIVE ORDER** |
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation, | |
| Defendant. | |

The depositions of Messrs. VanderSloot and Christensen ("Movants") that Herbalife seeks ("Depositions") could not be of any real use to Herbalife other than by causing an undue burden for and the annoyance, oppression, and harassment of its competitor, Melaleuca.  The Motion to Quash and for Protective Order by the Movants ("Motion") suggested this possibility, and Herbalife's opposition to the Motion ("Opposition") serves only to confirm it.

Herbalife's claims dragged Melaleuca into the litigation ("Litigation" or "California Litigation") between Herbalife and certain former Herbalife distributors ("Defendants") from the very start.  By its own admission, Herbalife included in its complaint claims that rely on assertions regarding Melaleuca's products and business model.  Opposition ("Opp.") at 10.

While this caused Melaleuca to have a common interest with the Defendants, it does not mean

that the Movants have any relevant information regarding claims or defenses. Melaleuca's

common interest also does not mean that Herbalife gets to treat Melaleuca or Movants as parties

for discovery purposes, no matter how much it would like to. Herbalife must live with its choice

not to make Melaleuca a defendant (a choice presumably driven by Rule 11 pleading standards).

Although Melaleuca did not seek to be involved in the Litigation, it has made more than a

good faith effort to satisfy any discovery obligations it may have as a non-party. In response to a

subpoena from Herbalife, Melaleuca has produced over 4,500 pages of documents to Herbalife,

and invested significant time and effort to do so. 3rd Affidavit of Michael LaClare ("3rd

LaClare Aff.") ¶ 2; Ex. A. In addition, a Melaleuca corporate representative prepared and

appeared for a deposition in response to the subpoena. 3rd LaClare Aff. ¶ 3; Ex. B.[1]  The

Movants are likewise more than willing to fulfill any discovery obligations ascribed to them by

Rule 45. What they cannot in good conscience do is go to the significant effort and expense

(their own and Melaleuca's) of submitting to Depositions that fall far outside of what Rule 45

allows. Because Herbalife has not identified any significant, relevant information that would be

obtainable through the Depositions, they are simply way too much to ask.

## ARGUMENT

**I.    Rule 45 and the Movants' Non-party and Apex Employee Status Dictate the
Applicable Legal Standards – Under Which the Movants Have Sufficiently
Established a Burden**

Federal Rule of Civil Procedure 45 and supporting caselaw provide the complete set of

standards governing whether or not the deposition of a non-party may be taken pursuant to a

---

[1]    This deposition did not actually take place because Herbalife did not appear. Melaleuca
and Herbalife have different views about whether or not Herbalife informed Melaleuca prior to
the deposition that the deposition was cancelled. In any event, Herbalife had the opportunity to
take the deposition and chose not to do so. 3rd LaClare Aff. ¶ 3.

subpoena in connection with federal civil litigation. Tellingly, Herbalife does not reference Rule 45 at all in support of its arguments regarding applicable legal standards. *See* Opp. at 6-7. Instead, Herbalife points to Rule 30, which has no application to the issue at hand. *See* Opp. at 6-7; FED. R. CIV. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena *under Rule 45*.") (emphasis added); *Donoghue v. County of Orange*, 848 F.2d 926, 932 (9th Cir. 1987) ("We have discovered no authority ... for the proposition that the Rule 30 standards should govern Rule 45 subpoenas of witnesses. Thus we find no abuse of discretion in the district court's order quashing this subpoena.").

The cases cited by Herbalife regarding the standards for limiting or preventing discovery also do not apply to the question before this Court. None of the cases address a Rule 45 deposition subpoena, and only one inconsequential case references Rule 45 at all.[2] *See* Opp. at 6-7. All of the cases cited by Herbalife, with only the same inconsequential exception, address discovery from parties as opposed to non-parties. *Id.*

Under Rule 45 standards, the Movants have provided more than sufficient justification for a finding of undue burden. In light of their non-party and apex employee status, these standards do not ascribe to them the "heavy burden" asserted by Herbalife. In particular, given the Movants' status as apex employees, it is not even clear that they needed to provide affidavits describing the potential burden of the Depositions. *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, at *8, 14-15 (N.D. Cal. Jan. 24,

---

[2]     The one case cited by Herbalife that makes reference to Rule 45 is not helpful for the present case because it does not address a subpoena seeking depositions of apex employees, but rather a subpoena seeking the production of documents. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 397 (D.C. Cir. 1984); Opp. at 7. As noted in the Movants' Motion, a request to depose apex employees triggers a special standard within the framework of Rule 45. *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, at *8, 14-15 (N.D. Cal. Jan. 24, 2007).

Page 3 – REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER

2007).  While Herbalife tries to assert a different standard for apex employees in its Opposition, the *Celerity* standard is the one that Herbalife itself relied upon in its effort to prevent the deposition of its CEO in connection with the California Litigation.  3rd LaClare Aff. ¶ 4; Ex. C.

The concise affidavits submitted by the Movants with their Motion and with this Reply provide all the information that is needed for an undue burden finding, and Herbalife's criticism of the Motion affidavits as "boilerplate" is misplaced.  Detailed affidavits laying out all the minutia of the Movants' work obligations would simply take more time to read without adding information of consequence.  The Movants do not claim to be unique among apex employees – they simply shoulder a heavy load of responsibilities that is typical of the loads shouldered by most CEOs and presidents of corporations the size of Melaleuca (over $800 million in annual revenue).  As recognized in the cases addressing depositions of apex employees, that typical load is more than enough to justify and undue burden finding when, as here, the obtainable information is of too little consequence.  *See, e.g., Celerity*, 2007 U.S. Dist. LEXIS 8295.

The potential burden of the Depositions at issue is particularly significant in light of the burden that has already been placed on Melaleuca in connection with the California Litigation.  Melaleuca's production of over 4,500 pages to Herbalife and the appearance of its corporate representative for deposition was burdensome.  Herbalife now seeks to add to that burden by deposing Melaleuca's two most senior executives.[3]

With the potential burden on the Movants more than sufficiently established, the weak reasons put forth by Herbalife for taking the Depositions fall far short of warranting that burden.

---

[3]     Although Herbalife sent a $3,000 check to Melaleuca after receiving documents from Melaleuca, that amount does not come close to compensating Melaleuca for the time invested by its employees in producing the documents.  3rd LaClare Aff. ¶ 2.

## II.     Herbalife Has Failed to Establish Relevance That Could Warrant the Depositions

The assertions Herbalife has put forward in its unsuccessful attempt to establish the

relevance of information it could seek through the Depositions can be summarized as follows:

(A)     Herbalife asserts in various ways that Melaleuca's involvement in the Litigation stemming from its common interest with the Defendants must mean that the Movants have relevant information.

(B)     Herbalife asserts that "Whether Movants are Financing and Directing the Litigation is Relevant Given Defendants' David v. Goliath Trial Theme."

(C)     Herbalife asserts that information regarding Melaleuca's products and business model is relevant to its claims.

(D)     Herbalife asserts the relevance of one conversation involving Mr. VanderSloot without counsel and of information concerning whether the Defendants have used Herbalife trade secrets.[4]

Individually and collectively, these assertions fall far short of warranting the burden that

the Depositions would place on the Movants and on Melaleuca.

### A.     Melaleuca's Involvement in the Litigation Stemming from Its Common Interest With the Defendants Does Not Establish Relevance

Melaleuca's common-interest involvement in the California Litigation does not

automatically mean that the Movants have relevant information regarding the claims or defenses

in that Litigation.  As such, Herbalife's assertion that Melaleuca is involved and that "Movants

therefore possess relevant information" is not sufficient.  *See* Opp. at 2.  The Federal Rules

provide that information is discoverable only if it is "relevant to any party's claim or defense,"

and Herbalife has made no effort to tie Melaleuca's involvement with any claim or defense.  *See*

Fed. R. Civ. P. 26(b)(1).

The relevance of information relating to a common-interest or joint-defense arrangement

to claims or defenses is not presumed and, on the contrary, must be well established.  *See United*

---

[4]     This list does not include Herbalife's arguments about certain conversations with counsel present, for reasons explained *infra* in section III.

*States v. Int'l Longshoremen's Ass'n*, Civil No. 05-3212 (ILG)(VVP), 2006 U.S. Dist. LEXIS 48764, at *1 (E.D.N.Y. July 18, 2006) ("information concerning joint defense agreements is sensitive, and … disclosure of such information should not be lightly ordered.  Put another way, the relevance of the information should be well-established before compelling its disclosure.").  Here, Herbalife has not even tried to establish the relevance of such information.[5]

Herbalife relies on the opinion in *Royal Surplus Lines Ins. V. Sofamor Danek Group*, 190 F.R.D. 463, 466 (W.D. Tenn. 1999) for its assertion that any joint defense arrangement prohibits a relevance objection, but the opinion does not support that assertion.  In that case, an insurer had sued one of its insureds, and the insurer sought document discovery from the non-party broker who had facilitated the negotiations between the two parties.  *See Royal Surplus*, 190 F.R.D. at 466.  The court emphasized that the non-party being ordered to produce some of the documents at issue was "the [defendant]'s broker who was heavily involved in the negotiations prior to and following the issuance of the policy."  *Id.* at 466.  Here, there is no indication that the Movants were involved at all, let alone heavily involved, in the activities of the California Defendants that Herbalife claims constituted a breach of contract.

Even if information regarding Melaleuca's common-interest involvement in the Litigation were relevant (which it is not), the Movants have little information that they could share on this front.  2nd Affidavit of Frank L. VanderSloot ("2nd VanderSloot Aff.") ¶ 1; 2nd Affidavit of McKay Christensen ("2nd Christensen Aff.") ¶ 1.  Herbalife tries to suggest that the Movants must have significant information on this topic mainly by (1) mislabeling a particular

---

[5]     To the extent that Herbalife's objective with the Depositions is to find a basis for potential claims against Melaleuca, that objective cannot serve as a basis for a relevance finding. See FED. R. CIV. P. 26(b)(1) and Notes of Advisory Committee on 2000 Amendments (parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings").

sentence in the Movant's Motion as an admission that they "worked together" with the

Defendants in addressing the Litigation," and then (2) referring to the supposed admission over

and over again (seven times to be exact). Opp. at 2, 4, 7-9, 18. The problem is that the sentence

Herbalife labels as an admission is clearly no such thing. The relevant portion of that sentence is

as follows: "it seems likely that Herbalife may want to ask the Movants about *whether* and how

they and/or Melaleuca have worked together with the California Defendants in addressing the

California Litigation." Motion at 6 (emphasis added); Opp. at 2.

> **B.**     **Whether Melaleuca Is Financing and/or Directing the Litigation for the
> Defendants Cannot Be Made Relevant by an Anticipated "Trial Theme"**

Information concerning whether or not Melaleuca is financing and/or directing the

Defendants litigation strategy cannot be made relevant by Herbalife's anticipation of any trial

theme. *See* Opp. at 9. Like other information, information about an adversary's fees, including

who is paying them, is discoverable only if it is "relevant to the claim or defense of any party."

FED. R. CIV. P. 26(b)(1). Such information must have a "tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence." FED. R. EVID. 401. The Defendants' purported "David v.

Goliath" theme clearly does not constitute a claim, defense, or fact of consequence – it and thus

is not capable of making any information relevant.

Because Herbalife has not pointed to any fact of consequence, the probability of which

could depend on who is paying Defendants' legal fees and/or directing their litigation strategy,

such information cannot be deemed relevant. *See Sandler v. McGraw-Edison Co.,* 92 F.R.D. 463

(S.D. Ohio 1981) ("fee arrangements [are] irrelevant and not discoverable"). Herbalife cites no

authority for its erroneous, contrary assertion, and it should not be permitted to burden the

Movants with its pursuit of this irrelevant information.

### C.   Herbalife Has No Need to Depose the Movants In Order to Get Information Regarding Melaleuca's Products and Business Model

Herbalife does not need to depose the Movants in order to obtain any relevant information regarding Melaleuca's products and/or business model.  Herbalife has not specified what type of product or business-model information it seeks, but it is very likely that any of the information it might truly need can be obtained from sources that are open to the public and/or are otherwise readily accessible.  For example, a wealth of product information (including ingredient lists) is available on the Internet at various websites that can be accessed through Melaleuca's main website at www.melaleuca.com.  3rd LaClare Aff. ¶ 5.  Detailed business-model information (including compensation plan and marketing information) is readily available for purchase, and a sample is attached hereto for reference.  3rd LaClare Aff. ¶ 6; Ex. D. Herbalife has not identified any information it needs that is not available through such means.

### D.   Depositions Are Not Necessary to Provide Herbalife With Any Available Information Regarding (1) the Single Conversation Without Counsel It Has Identified or (2) Whether Defendants Have Used Herbalife Trade Secrets

The only other two arguably specific topics Herbalife has identified for potential Deposition questions (setting aside conversations with counsel present) are (1) a single conversation between Mr. VanderSloot and Defendants Jeff and Kathy Orr without counsel and (2) "whether Defendants used Herbalife trade secrets."  Opp. at 2, 5-6.  Neither of these topics comes close to warranting the Depositions Herbalife seeks, mainly because the Movants' affidavits indicate that they have little or no useful knowledge of the topics.

The conversation without counsel described by Herbalife obviously cannot justify a deposition of Mr. Christensen given that there is no indication that he participated in it.  And, Mr. VanderSloot's affidavit submitted with the Motion makes clear that he has no personal knowledge, from any conversation or other sources, about specific activities of the Defendants

Page 8 – REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER

that could be relevant.  Affidavit of Frank L. VanderSloot ¶ 4.  In any event, if Herbalife is intent

on hearing about the one conversation without counsel it references, then the following written

deposition question would suffice:  "Please state everything you can recall about any

conversation you had with Jeff and/or Kathy Orr in which counsel did not participate."[6]  As for

Herbalife's purported interest in whether the Movants "have information such as whether

Defendants used Herbalife trade secrets," the Movants confirm in affidavits that they have no

such information.  *See* Opp. at 2; 2nd VanderSloot Aff. ¶ 2; 2nd Christensen Aff. ¶ 3.

     In sum, the Movants do not argue that the burden of the Depositions could never be

justified, simply that the burden is significant and that the reasons Herbalife offers for imposing

the burden are not sufficient under Rule 45.

**III.    This Court Need Not and Should Not Decide Whether the California Common
Interest Privilege Protects Any Information Held by the Movants**

     This Court should refrain from deciding whether a common interest privilege applies to

questions Herbalife may ask at the Depositions for two reasons.  First, the Movants do not ask

this Court to take any action based on a common-interest privilege.  Second, any ruling by this

Court addressing the common-interest privilege would create a danger of inconsistent rulings.

The potential for inconsistent rulings increased significantly when, after the Motion was filed,

Herbalife filed a brief in the California Litigation asking the court there to determine the

application of the common interest privilege to Defendants' communications with the Movants

(something it has now briefed for this Court too).  3rd LaClare Aff. ¶ 7; Ex. E; Opp. at 11-17.[7]

As noted by Herbalife in its Opposition, California state law governs the issue.  Opp. at 12.  This

---

[6]    The conversations without counsel referenced in Mr. Christensen's 2nd Affidavit can also
be sufficiently addressed with a written deposition question.  *See* 2nd Christensen Aff. ¶ 2.

[7]    Incidentally, it appears that Herbalife's summary of the legal standards governing the
common-interest privilege is erroneous.  *See* Opp. at 11-12; 3rd LaClare Aff. ¶ 7; Ex. E
(especially pages 48-50 of 63).

Page 9 – REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER

Court should defer to the court handling the California Litigation on the privilege question already pending there. Any ruling by this Court on the question could have the unintended effect of allowing Herbalife to make an end run around the eventual decision on the question by the court handling the California Litigation.

Because Herbalife has not identified any relevant information that it needs to obtain by deposing the Movants, the Depositions should be prohibited entirely. If this Court determines to let the Depositions go forward, Herbalife should at least be prevented from trying to invade an area that the California Court may soon decide is off limits based on California law. In order to prevent that from happening, this Court should – if the Depositions are permitted (which they should not be) – issue a protective order prohibiting certain questions. Specifically, Herbalife should be ordered not to pursue questions about communications for which counsel was present unless and until the California Court decides that the common interest privilege does not prohibit such questions (which seems unlikely). With the common-interest issue currently pending before the California Court, any questions put to the Movants in this area would clearly be an annoyance, oppression, and undue burden of the sort that Rule 26(c) is designed to prevent.

**CONCLUSION**

For the reasons set forth above, the Movants respectfully renew their request that this Court quash the subpoenas Herbalife delivered to them and issue a protective order prohibiting Herbalife from deposing the Movants at all in connection with the California Litigation.

DATED this 4th day of May, 2009.

_Michael LaClare_
Michael LaClare, Attorney for Movants
ISB No. 7924

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of May, 2009, I filed the foregoing **REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED TO FRANK L. VANDERSLOOT AND MCKAY CHRISTENSEN AND FOR PROTECTIVE ORDER** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James D. LaRue, Esq., Attorney for Defendant
Email Address:  jdl@elamburke.com

Alexander J. Shvartsman, Esq., Attorney for Defendant
E-mail Address: ashvartsman@mofo.com

Charles E. Patterson, Esq., Attorney for Defendant
E-mail Address:  cpatterson@mofo.com

Sean P. Gates, Esq., Attorney for Defendant
E-mail Address:  sgates@mofo.com


Michael LaClare, Attorney for Movants
ISB No. 7924